**FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

FEB - 9 2005

**LARRY W. PROPES, CLERK
COLUMBIA, S.C.**

| | | |
|---|---|---|
| William J. Rauch, | ) | Civil Action No. 9:05-376-23 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| Jennifer D. Rauch a/k/a Jennifer Davis; | ) | **MOTION OF DEFENDANTS** |
| Peter Brant; Richard Deboe; Deutsche | ) | **DEUTSCHE BANK SECURITIES INC.** |
| Bank Securities, Inc. f/k/a Deutsche Bank | ) | **AND RICHARD DEBOE TO FILE** |
| Alex Brown, Inc.; Deutsche Bank Alex | ) | **CERTAIN NOTICE OF REMOVAL** |
| Brown Venture Investors Fund, L.L.C.; | ) | **EXHIBITS UNDER SEAL** |
| and Deutsche Bank Alex Brown Venture | ) | |
| Investors Portfolio, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In accordance with Local Rule 5.03, Defendants Deutsche Bank Securities Inc.

("DBSI") and Richard DeBoe ("DeBoe") (hereinafter collectively "Defendants") move for an

Order permitting them to file under seal Compendium Exhibits E, H and S to the Notice of

Removal filed by Defendants on February 4, 2005 (the "Notice of Removal").

A. IDENTIFICATION OF DOCUMENTS FOR WHICH SEALING IS REQUESTED

The documents that Defendants seek to file under seal are as follows[1]:

1. Compendium Exhibit E to the Notice of Removal, which is a copy of the

January 10, 2003 First Remand Opposition Brief and accompanying Appendix filed by DBSI in

this proceeding pursuant to a Consent Motion to Seal, and which were ordered sealed by Judge

Patrick Michael Duffy on January 23, 2003.

---

[1] In accordance with Local Rule 5.03, DBSI has filed a non-confidential descriptive index of
the identified documents. The index would provide any interested party ample notice of the



2. Compendium Exhibit H to the Notice of Removal, which is a copy of the April 16, 2003 transcript of argument before visiting Judge William O. Bertelsman concerning the first notice of removal filed by DBSI. The parties requested that the transcript also be sealed for the same reasons set forth in the Consent Motion to Seal referred to in paragraph A.1 hereof. Judge Bertelsman granted the parties' request.

3. Compendium Exhibit S to the Notice of Removal, which consists of copies of DBSI's Motion to Dismiss and supporting memorandum filed in the Hampton County Court of Common Pleas, as well as Richard DeBoe's Motion to Dismiss and supporting memorandum, which were filed under seal in the Hampton County Court of Common Pleas in October and November of 2003, respectively.

B. SEALING OF THE IDENTIFIED DOCUMENTS IS NECESSARY

The documents Defendants have identified above in paragraph A should be sealed because the information contained in the identified documents involves charges and counter-charges of Plaintiff William J. Rauch ("Plaintiff") and former Defendant Jennifer D. Rauch f/k/a Jennifer Davis ("Davis") in a divorce action involving their children, and in which there were no allegations of public concern or significance. With the exception of item 2, the documents identified in paragraph A contain exhibits which were originally the subject of a Order to Seal Records issued November 23, 1999, by the Family Court, Beaufort County, South Carolina, in the divorce action between Plaintiff and Davis, Rauch v. Rauch, Civil Action No. 99-DR-07-1548. A copy of the Family Court Order to Seal is attached as Exhibit A to this Memorandum. The Family Court unsealed its record for limited discovery in this action pursuant to a Consent Order to Unseal Record for Limited Purpose of Disclosure in

specific items this motion seeks to protect.

Pending Litigation in Federal Court issued by the Family Court on November 18, 2002. A copy of the Family Court Consent Order is attached as Exhibit B to this Memorandum.

DBSI discussed and attached as exhibits certain documents from the sealed Family Court record when it filed its January 10, 2003 First Remand Opposition Brief and Appendix of exhibits, which is Exhibit E to the Notice of Removal. Because the brief included a discussion of the sealed Family Court record and attached certain Family Court documents subject to the Family Court Order to Seal, DBSI filed its First Remand Opposition Brief and Appendix pursuant to a Consent Motion to Seal, which Judge Patrick Michael Duffy of this Court granted in a January 23, 2003 Order, attached hereto as Exhibit C. Thus, Compendium Exhibit E is subject to a prior Order to Seal issued by this Court.

A visiting Judge, Hon. William O. Bertelsman, heard argument on April 16, 2003 in connection with DBSI's first removal. Based on Judge Duffy's January 23, 2003 Order, the parties requested that Judge Bertelsman seal the portion of the transcript that contained a discussion of the Family Court record. Judge Bertelsman granted that request, as set forth in the excerpt below:

> MR. SMITH: May I interrupt one moment? Joel Smith for the Defendant. But one of the issues here before we go into the case and the substance of the issues, is that much of our brief and all of the exhibits that we attached to the brief were obtained from the Family Court record.
>
> THE COURT: Right.
>
> MR. SMITH: Which was the Family Court file between Mr. Tupper and Mr. Kiker's clients. That a sealed record in Family Court.
>
> THE COURT: Okay.

3

MR. SMITH: The Family Court order which I have here pointed out that the court holds that "The best interest of the parties and especially their children, require secrecy." As a result of that, we asked Judge Duffy to seal the record with respect to the filing that we make, to seal that record. As Mr. Sussman will be making the argument, the substantive argument on the remand motion. He will have to reference many of the – those exhibits and of course quote from some of them as our brief did.

THE COURT: Right.

MR. SMITH: And the file, from your standpoint, we really don't have a dog in the fight of – on the secrecy, or the sealing of that record, in deference to the Family Court's order and particularly in deference to the Family Court's finding and Judge Duffy's finding that in the interest of the children of the marriage, we think it would be best for the Court to seal this record, and that would be consistent, of course, with Judge Duffy's finding, which I have here as well.

THE COURT: You mean the transcript of this hearing?

MR. SMITH: The transcript of this hearing.

THE COURT: Okay. That's fine.
As far as I know, the integrity of the seal has been maintained.

MR. SMITH: I'm sure it has.

Thus, Compendium Exhibit H also was previously ordered sealed by this Court.

After the most recent remand of this case to the Court of Common Pleas in Hampton County, Defendants filed separate Motions to Dismiss and accompanying supporting memoranda. DBSI filed its Motion to Dismiss, Memorandum in Support, and Appendix of exhibits on October 9, 2003 with an accompanying Motion to Seal the Memorandum of Law and Appendix. DeBoe also filed his motion on October 9, 2003 and his supporting memorandum on November 6, 2003. By Order dated November 10, 2003, attached hereto as Exhibit D, the Court of Common Pleas agreed to seal DeBoe's filings due to their inclusion of

documents from the sealed Family Court record and their discussion of the divorce action. The Court had not ruled on DBSI's motion prior to removal of this case. Thus, Compendium Exhibit S, in part, is also subject to a prior Order to Seal issued in this action by the Court of Common Pleas, and DBSI had so moved in that Court prior to removing the case.

Items 1 – 3 above of paragraph A contain and/or discuss sensitive, non-public information and exhibits regarding the Family Court action and certain documents from that proceeding. For this reason, they should be filed under seal. They already have been sealed in whole or in part on prior occasions by the Family Court, by this Court, and by the Hampton County Court of Common Pleas. Defendants are unaware of any method other than sealing that will afford adequate protection to the identified documents. The Notice of Removal necessarily must contain such information and exhibits in order adequately to discuss the bases for removing the action and support the facts it asserts.

## C. NEED FOR SEALING OUTWEIGHS THE PUBLIC INTEREST

Before a District Court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Nothing will prevent public notice of Defendants' request to seal the documents identified above, in whatever manner of notice the Court deems appropriate. In accordance with Local Rule 5.03, Defendants have attached a non-confidential descriptive index of the identified documents. The index would provide any interested party ample notice of the specific items this motion seeks to protect.

To grant this motion, this Court must determine that the need for sealing the identified confidential documents outweighs the public's right of access, if any. Factors to be considered include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984).

Without conceding that a right of public access to the identified documents actually exists, Defendants' position is that if there is in fact a right of access to the documents, the *Knight* factors outweigh any such public interest. The identified documents would in no way enhance the public's understanding of an important historical event. The documents concern an event important only to the parties to the divorce action and this case, not to the public in general. The protection of placing the supporting documents under seal will not withhold information from the public that would contribute to the public knowledge and understanding of an event of historical significance. While the chance that the identified documents could be sought for improper purposes may be minimal, such potential does exist since the documents deal with confidential matters concerning Plaintiff, Davis and their children in the prior divorce action. This Court, the Family Court, and the Court of Common Pleas, already have recognized the need for sealing.

Having complied with the requirements of Local Rule 5.03, Defendants respectfully request that the Court enter an Order sealing items 1 – 3 identified above in paragraph A.

## CERTIFICATION OF COUNSEL

As required by Local Rule 7.02, the undersigned attorneys for DBSI and Richard DeBoe affirm that they have consulted with opposing counsel regarding the matter contained in this Motion and that opposing counsel consents to filing the documents identified in this motion under seal.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.


By: _____

Joel H. Smith
Federal Bar Number: 3910
Brian A. Comer
Federal Bar Number: 9106
Meridian Building
1320 Main Street, 17th Floor
Columbia, South Carolina  29201
Telephone: (803) 799-2000

Attorneys for Deutsche Bank Securities Inc.

HAYNSWORTH SINKLER BOYD, P.A.


By: _____

Thomas R. Gottshall
Federal Bar Number: 2406
1201 Main Street, Suite 2200
Columbia, South Carolina 29201
Telephone: (803) 779-3080

Attorneys for Richard DeBoe

Columbia, South Carolina
February **9**, 2005

# CERTIFICATE OF SERVICE

I, the undersigned Administrative Assistant, of the law offices of Nelson Mullins Riley & Scarborough, L.L.P., attorneys for Deutsche Bank Securities Inc., do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following address(es):

Pleadings:

               Memorandum in Support of Motion of Defendants Deutsche Bank Securities Inc. and Richard DeBoe to File Certain Notice of Removal Exhibits Under Seal

Counsel Served:

               Ralph E. Tupper
               Tupper Grimsley & Dean
               611 Bay Street
               Beaufort, SC 29902

               John E. Parker
               Peters Murdaugh Parker Elztroth & Detrick
               PO Box 457
               Hampton, SC 29924-0457

               Thomas R. Gotshall
               Haynsworth Sinkler Boyd, P.A.
               1201 Main Street, Suite 200
               Columbia, SC 29201

               Dennie M. Fyfe
               Administrative Assistant

February 9, 2005.

# Exhibit A

11-23-99

STATE OF SOUTH CAROLINA          )          IN THE FAMILY COURT
                                 )
COUNTY OF BEAUFORT               )
                                 )
WILLIAM JOHN RAUCH,              )          CIVIL ACTION NO.: 99-DR-07-1548
                                 )
                       Plaintiff,)
                                 )
         -vs-                    )          ORDER TO SEAL RECORDS
                                 )
JENNIFER DAVIS RAUCH,            )
                                 )
                       Defendant.)
_____ )
JENNIFER D. RAUCH,               )          CIVIL ACTION NO.: 99-DR-07-1553
                                 )
                       Plaintiff,)
                                 )
         -vs-                    )
                                 )
WILLIAM J. RAUCH,                )
                                 )
                       Defendant.)
_____ )

It appears to the Court that these two suits involve allegations amounting to charges

and counter-charges by the parties against one another and that the parties have four (4)

children who need to be protected for now against the dissemination to the public of the

nature of the charges and counter-charges of their parents against one another.

It further appears to the Court that, pursuant to *Ex Parte the Island Packet*, 308 S.C.

198, 417 S.E.2d 575 (1992) and *Davis v. Jennings*, 304 S.C. 502, 405 S.E.2d 601 (1991), the

records as to each of these cases should be sealed for the time being, except as the Clerk must

have access to include in these records, as appropriate, papers filed hereafter by counsel for

the parties.

The Court holds that the best interests of the parties (and especially their children)

require secrecy and that the need therefore greatly outweighs the public's right to access, as

1



there are no allegations of public concern or significance.

NOW THEREFORE, by reason of the foregoing, the Court *sue sponte* issues this Order.

IT IS ORDERED that the Clerk of Court be, and hereby is, authorized and directed to seal the records in these two (2) cases, with only the Clerk to have access, to include in the records, as appropriate, any papers hereafter filed by counsel for the parties.

Judge, for the Family Court
Fourteenth Judicial Circuit

Beaufort, South Carolina

23 day of November, 1999

2

# Exhibit B

STATE OF SOUTH CAROLINA          )
                                 )          IN THE FAMILY COURT
COUNTY OF BEAUFORT               )          FOURTEENTH JUDICIAL CIRCUIT
                                 )
JENNIFER DAVIS RAUCH,            )    Civil Action No.  99-DR-07-1553
                                 )
                      Plaintiff, )
                                 )
            vs.                  )    CONSENT ORDER TO UNSEAL
                                 )    RECORD FOR LIMITED PURPOSE OF
WILLIAM J. RAUCH,                )    DISCLOSURE IN PENDING
                                 )    LITIGATION IN FEDERAL COURT
                      Defendant. )
                                 )

This matter comes before the Court upon motion of the Plaintiff, Jennifer Davis Rauch (hereinafter referred to as "Jennifer Davis"), by and through her undersigned counsel, and with the consent of the Defendant, for an order releasing the parties from any obligations of confidentiality previously ordered by this Court and unsealing the record in the above matter for the sole and limited purpose of disclosing the complete contents of this record and all information related thereto to the parties to certain litigation now pending in the United States District Court for the District of South Carolina, namely an action designated *William J. Rauch v. Jennifer D. Rauch a/k/a Jennifer Davis; Peter Brant; Richard Deboe; Deutsche Bank Securities Inc. f/k/a Deutsche Bank Alex Brown, Inc.; Deutsche Bank Alex Brown Venture Investors Fund, L.L.C.; and Deutsche Bank Alex Brown Venture Investors Portfolio, L.L.C.,* Civil Action No. 9:02-3151-23.

It is therefore ORDERED that Jennifer Davis and Defendant be released from any obligations of confidentiality previously ordered by this Court, and that the record in the above family court matter, Civil Action No. 99-DR-07-1553, be unsealed for the sole and limited




Certified A True Copy
Elizabeth M. Smith, Clerk of Court
Beaufort County SC

purpose of disclosing the complete contents of this record, and all information related thereto,

to the parties to Civil Action No. 9:02-3151-23 now pending in the United States District

Court for the District of South Carolina.

_____ , Presiding Judge

Entered this ___18___ day of November, 2002

___Beaufort___ , South Carolina

99-1553

2

NOV. 8.2002  10:59AM           NO.200   P.9

I SO MOVE:

J. Brent Kiker
Kiker & Douds, P.A.
PO Box 2481
Beaufort, SC 29901-2481
Counsel for Plaintiff Jennifer Davis Rauch
   a/k/a Jennifer Davis


I CONSENT:

Ralph E. Tupper, Jr.
Tupper Grimsley & Dean, PA
611 Bay Street
Beaufort, SC 29902
Counsel for Defendant

3

# Exhibit C

**FILED**

JAN 2 3 2003 *elcm*

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

*EOD 1-23-03*

| | |
|---|---|
| William J. Rauch, | ) Civil Action No. 9:02-cv-3151-23 |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **CONSENT ORDER SEALING** |
| | ) **DEFENDANT DEUTSCHE BANK** |
| Jennifer D. Rauch a/k/a Jennifer Davis; | ) **SECURITIES INC.'S MEMORANDUM** |
| Peter Brant; Richard Deboe; Deutsche | ) **OF LAW IN OPPOSITION TO** |
| Bank Securities, Inc. f/k/a Deutsche Bank | ) **PLAINTIFF'S MOTION TO REMAND** |
| Alex Brown, Inc.; Deutsche Bank Alex | ) **AND MOTION FOR FEES AND** |
| Brown Venture Investors Fund, L.L.C.; | ) **COSTS, AND APPENDIX** |
| and Deutsche Bank Alex Brown Venture | ) |
| Investors Portfolio, L.L.C., | ) |
| | ) |
| Defendants. | ) |

In accordance with Local Rule 5.03, Defendant Deutsche Bank Securities Inc.

("DBSI") moved this Court for an Order permitting it to file under seal DBSI's Memorandum

of Law in Opposition to Plaintiff's Motion to Remand and Motion for Fees and Costs

("Memorandum of Law"). DBSI further moved for an Order permitting it to additionally file

under seal an Appendix of exhibits in support of its Memorandum of Law.[1] Plaintiff and all

served Defendants have given their consent to this motion. For the reason stated herein, the

Court grants DBSI's motion.

---

[1] Because DBSI's Memorandum of Law is due today, January 10, 2002, the Court can comply
with the public notice requirement of Local Rule 5.03 by directing the Clerk of Court to
provide public notice in an appropriate manner, and the Court may hear any objections
presented in opposition to its sealing order if and when presented.

## A.    IDENTIFICATION OF DOCUMENTS FOR WHICH SEALING IS REQUESTED

The documents that DBSI seeks to file under seal are as follows:

1.    DBSI's Memorandum of Law in Opposition to Plaintiff's Motion to Remand and Motion for Fees and Costs.

2.    An Appendix of exhibits containing:

a.    Amended Complaint proposed by Plaintiff in this action (not yet filed with the Court) (Exhibit A in Appendix to Memorandum of Law).

b.    Family Court Amended Final Order, dated June 19, 2002 (Exhibit B in Appendix to Memorandum of Law).

c.    Memorandum of Settlement Agreement, dated August 16, 2002 (Exhibit C in Appendix to Memorandum of Law).

d.    Family Court Amended Complaint, verified December 6, 1999 (Exhibit D in Appendix to Memorandum of Law).

e.    Family Court Supplemental Pendente Lite Order, dated December 29, 1999 (excerpt) (Exhibit E in Appendix to Memorandum of Law).

f.    Family Court Order Approving Settlement Agreement, dated August 20, 2002 (Exhibit F in Appendix to Memorandum of Law).

g.    Affidavit of Jennifer Rauch, sworn to December 3, 1999 (excerpt) (Exhibit G in Appendix to Memorandum of Law).

## B.    SEALING OF THE IDENTIFIED DOCUMENTS IS NECESSARY

The documents DBSI has identified above in paragraph A should be sealed because the information contained in the identified documents involves charges and counter-charges of Plaintiff William J. Rauch ("Plaintiff") and Defendant Jennifer D. Rauch f/k/a Jennifer Davis



2

("Davis") in a divorce action involving their children, and in which there were no allegations of public concern or significance. In addition, with the exception of items 1 and 2(a), all of the documents identified in paragraph A are the subject of an Order to Seal Records issued November 23, 1999, by the Family Court in the divorce action between Plaintiff and Davis, Rauch v. Rauch, Civil Action No. 99-DR-07-1548. The Family Court reopened that record for limited discovery in this action pursuant to a Consent Order to Unseal Record for Limited Purpose of Disclosure in Pending Litigation in Federal Court issued by the Family Court on November 18, 2002. Though the Memorandum of Law, and the Amended Complaint proposed by Plaintiff in this action (items 1 and 2(a) in paragraph A) were not a part of the divorce action between Plaintiff and Davis, they are based in large part on and quote extensively from documents from the sealed Family Court record in that proceeding.

Because DBSI's Memorandum of Law, and Appendix, contain sensitive, non-public information and exhibits regarding the divorce action, an action in which the Family Court ordered the record sealed, those identified documents are entitled to a level of protection that will keep them confidential. This Court is unaware of any method other than sealing that will afford adequate protection to the identified documents. DBSI's Memorandum of Law must necessarily contain such information in order to adequately respond to Plaintiff's Motion to Remand and Motion for Fees and Costs, and must be filed with this Court. The additional documents identified above (paragraph A, items 2(b) - (g)) are necessary as submitted as part of the Appendix to support the facts asserted in DBSI's Memorandum of Law.

C.    NEED FOR SEALING OUTWEIGHS THE PUBLIC INTEREST

Before a District Court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2)



3

consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In accordance with Local Rule 5.03(B), DBSI has included in its Motion to Seal, which Motion has been submitted for docketing by the Clerk, a non-confidential descriptive index of the identified documents, which will provide public notice of the Motion to Seal. Any objection to the filing of these documents under seal will be considered by this Court if and when presented.

To grant this motion, this Court must determine that the need for sealing the identified confidential documents outweighs the public's right of access, if any. Factors to be considered include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984).

Even if a right of public access to the identified documents actually exists (a point that need not be resolved), examination of the *Knight* factors leads to the conclusion that the need for sealing those documents far outweighs any such asserted public interest. The identified documents would not enhance the public's understanding of an important historical event. The protection of placing the supporting documents under seal will not withhold information from the public that would contribute to the public knowledge and understanding of an event of historical significance. The identified documents could be sought for improper purposes, such as to embarrass either or both of the parties to the divorce action, or to expose their children to inappropriate information or allegations. In view of the nature of the divorce action, the

4

Family Court sealed the file and so the public has not had access to the information in the documents at issue. The fact that the Family Court already has entered an order sealing the file of the divorce action weighs heavily on this Court's conclusion that an Order sealing the documents at issue should be entered by this Court.

AND, IT IS THEREFORE ORDERED that the Memorandum of Law in Opposition to Plaintiff's Motion to Remand and Motion for Fees and Costs, and Appendix will be accepted for filing under seal, and that any objection to the sealing of this filing will be heard by the Court if and when presented.

The Honorable P. Michael Duffy

Dated this 23rd day of January, 2003.

Charleston , South Carolina

5

## CERTIFICATION OF COUNSEL

As required by Local Rule 7.02, the undersigned attorney for DBSI affirms that

he has consulted with opposing counsel who do not oppose the motion.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: _____

Joel H. Smith
Federal Bar Number: 3910
Pamela J. Roberts
Federal Bar Number: 5756
Keenan Building, Third Floor
1330 Lady Street
Columbia, South Carolina 29201
Telephone: (803) 799-2000

Attorneys for Deutsche Bank Securities Inc.

Columbia, South Carolina
January 10, 2003

WE CONSENT:

_____

Ralph E. Tupper
Tupper Grimsley & Dean
PO Box 2055
611 Bay Street
Beaufort, SC 29901-2055

Counsel for Plaintiff

_____

J. Brent Kiker
Scott M. Merrifield
Kiker & Douds, P.A.
PO Box 2481
Beaufort, SC 29901

Counsel for Defendant Jennifer Davis

# Exhibit D

STATE OF SOUTH CAROLINA   )

   )      IN THE COURT OF COMMON PLEAS

COUNTY OF HAMPTON      )

WILLIAM J. RAUCH,           )
)
      Plaintiff,        )
)
      v.              )      Case No. 02-CP-25-467
)
JENNIFER DAVIS RAUCH a/k/a JENNIFER DAVIS; )
PETER BRANT; RICHARD DEBOE; DEUTSCHE   )
BANK SECURITIES, INC. f/k/a DEUTSCHE BANC  )
ALEX BROWN, L.L.C.,        )
)
      Defendants.    )
)

## ORDER GRANTING MOTION OF RICHARD DEBOE
## FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

This matter is before the Court on the Motion of Richard DeBoe for Leave to File Documents Under Seal, to which all other parties have consented.

NOW, THEREFORE, with the consent of all other parties, Defendant Richard DeBoe is granted leave to file under seal (A) a memorandum in support of his Motion to Dismiss dated October 9, 2003, and (B) copies of the following documents filed under seal in the consolidated cases of *William John Rauch v. Jennifer Davis Rauch*, Case No. 99-DR-07-1548, and *Jennifer D. Rauch v. William J. Rauch*, Case No. 99-DR-07-1553, in the Family Court for Beaufort County, South Carolina: (1) Amended Complaint of William J. Rauch dated December 6, 1999, (2) Amended Final Order dated June 19, 2002, (3) Memorandum of Settlement Agreement dated August 16, 2002, and (4) Order Approving Settlement Agreement dated August 20, 2002.

AND IT IS SO ORDERED.

_____
Jackson V. Gregory
Chief Administrative Judge

_____, 20003

We consent to the foregoing order.

_____
Ralph E. Tupper
Tupper, Grimsley & Dean, P.A.
P.O. Box 2055
Beaufort, SC  29901-2055
843-524-1116

*Attorney for Plaintiff*

_____
Joel H. Smith
Pamela J. Roberts
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC  29211
803-799-2000

*Attorneys for Deutsche Bank Securities, Inc. f/k/a Deutsche Banc Alex Brown*

_____
J. Brent Kiker
Scott M. Merrifield
Kiker & Douds, P.A.
P.O. Box 2481
Beaufort, SC  29901-2481
843-986-1000

*Attorneys for Jennifer D. Rauch a/k/a Jennifer Davis*

STATE OF SOUTH CAROLINA )
                       )      IN THE COURT OF COMMON PLEAS
COUNTY OF HAMPTON      )

WILLIAM J. RAUCH,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )      Case No. 02-CP-25-467
                                           )
JENNIFER DAVIS RAUCH a/k/a JENNIFER DAVIS; )
PETER BRANT; RICHARD DEBOE; DEUTSCHE       )
BANK SECURITIES, INC. f/k/a DEUTSCHE BANC  )
ALEX BROWN, L.L.C.,                        )
                                           )
            Defendants.                    )
                                           )

## CERTIFICATE OF SERVICE

I, the undersigned attorney for Richard DeBoe, hereby certify that I have caused the attached **Order Granting Motion of Richard DeBoe for Leave to File Documents Under Seal** to be served on the other parties to this action by causing copies thereof to be mailed by first-class mail, postage prepaid, to their respective attorneys of record, whose names and addresses are shown below, on November 13, 2003.

_Hamilton Osborne, Jr._
Hamilton Osborne, Jr.

**Mailed to:**

Ralph E. Tupper, Esquire
Tupper, Grimsley & Dean, P.A.
P.O. Box 2055
Beaufort, SC 29901-2055

*Attorney for Plaintiff*

Joel H. Smith, Esquire
Pamela J. Roberts, Esquire
Nelson Mullins Riley & Scarborough, LLP
P.O. Box 11070
Columbia, SC 29211

*Attorneys for Deutsche Bank Securities, Inc.
f/k/aDeutsche Banc Alex Brown*

J. Brent Kiker, Esquire
Scott M. Merrifield, Esquire
Kiker & Douds, P.A.
P.O. Box 2481
Beaufort, SC 29901-2481

*Attorneys for Jennifer D. Rauch a/k/a
Jennifer Davis*