# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| William J. Rauch, | ) | Civil Action No. 9:05-cv-00376 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | DEFENDANTS DEUTSCHE BANK |
| | ) | SECURITIES INC. AND RICHARD |
| Jennifer D. Rauch a/k/a Jennifer Davis; | ) | DEBOE'S FIRST REQUEST FOR |
| Peter Brant; Richard Deboe; Deutsche | ) | PRODUCTION OF DOCUMENTS AND |
| Bank Securities Inc. f/k/a Deutsche Bank | ) | TANGIBLE THINGS TO PLAINTIFF |
| Alex Brown, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Deutsche Bank Securities Inc. ("DBSI") and Richard DeBoe ("DeBoe") (hereinafter collectively referred to as "Defendants") request that Plaintiff William J. Rauch ("Plaintiff") produce for inspection and copying, the writings, documents and tangible things described below, within thirty (30) days from the date of service.

## INSTRUCTIONS AND DEFINITIONS

A.  In responding to these requests, Plaintiff is requested to furnish all documents, materials and tangible things in Plaintiff's possession, custody or control, including all documents, materials and tangible things in the possession, custody or control of any person acting on Plaintiff's behalf.

B.  In the event that any document or thing called for in any of these requests has been destroyed, lost, discarded or otherwise disposed of, identify as completely as possible each such

document or thing, including without limitation, the following information: date of disposal, place and manner of disposal, reason for disposal, person authorizing the disposal, and persons disposing of the document or thing.

C.    If Plaintiff objects to, or otherwise declines to respond to any portion of a request, produce all materials called for by that portion of the request to which Plaintiff does not object or which Plaintiff does not decline to respond. If Plaintiff objects to a request on the ground that it is too broad, produce such materials which are concededly relevant. For those portions of any request to which Plaintiff objects or otherwise declines to respond, state the reason for such objection. If Plaintiff does not respond to a request because of a claim of privilege, set forth the privilege claimed, the facts upon which Plaintiff relies to support his claim of privilege, and identify all documents for which such privilege is claimed.

D.    These requests shall be deemed continuing so as to require supplemental responses if Plaintiff or his attorney obtain further information after the time responses are served.

E.    As used herein, the words "document" or "documents" is to be construed as broadly as possible consistent with Rule 34 of the Federal Rules of Civil Procedure, including without limitation any written, printed, recorded or graphic matter, photographic matter or video or audio reproductions, or computer input or output, however produced or reproduced, that (1) are now or were formerly in the possession, custody or control of Plaintiff, his attorneys or experts, or (2) are now or are believed to be responsive to these requests, regardless of who now has or formerly had custody, possession or control.

F.    As used herein, the term "relating to" or "related to" shall mean evidencing, describing, consisting of, forming the basis of, commenting on, supporting, analyzing, forwarding, connected with, or relating to.

G.   As used herein, "this action" shall mean the lawsuit originally filed by Plaintiff in the Court of Common Pleas, Hampton County, South Carolina ("State Court") under Civil Action No. 02-CP-25-467, and any and all successor actions and/or Civil Action numbers, whether in this Court or in State Court.

## REQUEST

1.   All documents, communications and records of any communications relating to any or all of the following: (i) the naming of Jennifer D. Rauch a/k/a Jennifer Davis ("Davis") as a party defendant in this action; (ii) the purpose(s) for including her as a party defendant; and (iii) the intention of Plaintiff with respect to enforcement of a judgment or otherwise pursuing recovery in this action against Davis.

2.   All documents, communications and records of any communications relating to any or all of the following: (i) negotiations between Plaintiff and Davis with respect to naming her as a party defendant in this action; and (ii) agreements or understandings between Plaintiff and Davis with respect to her being named as a defendant in this action.

3.  All documents, communications and records of any communications relating to Plaintiff's purposes in commencing this action, including but not limited to with respect to: (i) Davis; (ii) DBSI; and (iii) DeBoe.

        NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

        By: _____
        Joel H. Smith
        Federal Bar Number: 3910
        Brian A. Comer
        Federal Bar Number: 9106
        Meridian Building
        1320 Main Street, 17th Floor
        Columbia, South Carolina  29201
        Telephone: (803) 799-2000
        Attorneys for Deutsche Bank Securities Inc.

        HAYNSWORTH SINKLER BOYD, P.A.

        By: _____
        Thomas R. Gottshall
        Federal Bar Number: 2406
        1201 Main Street, Suite 2200
        Columbia, South Carolina 29201
        Telephone: (803) 779-3080
        Attorneys for Richard DeBoe

Columbia, South Carolina
April 28, 2005

4

CERTIFICATE OF SERVICE

I, the undersigned Administrative Assistant, of the law offices of Nelson Mullins Riley & Scarborough, L.L.P., attorneys for Deutsche Bank Securities Inc., do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by facsimile and by mailing a copy of the same by United States Mail, postage prepaid, to the following address(es):

Pleadings:

Defendants Deutsche Bank Securities Inc. and Richard Deboe's First Request for Production of Documents and Tangible Things to Plaintiff

Counsel Served:

Ralph E. Tupper
Tupper Grimsley & Dean
611 Bay Street
Beaufort, SC 29902

John E. Parker
Peters Murdaugh Parker Elztroth & Detrick
PO Box 457
Hampton, SC 29924-0457

Thomas R. Gotshall
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, Suite 200
Columbia, SC 29201

_____
Kim Patton
Administrative Assistant

April 28, 2005